

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0601-14

### CLAYTON DEAN REEDER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS RUSK COUNTY

**HERVEY, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

After losing control of his vehicle, Clayton Dean Reeder (Appellant), skidded off the road and hit a tree. During the ensuing investigation, police began to suspect that Appellant was intoxicated while operating his vehicle, and they took a blood specimen (over Appellant's objections) pursuant to Section 724.012(b)(3)(B) of the Texas Transportation Code. Because the police concluded that Appellant was driving while intoxicated and had twice before been convicted of DWI, he was charged with  felony DWI. Appellant filed a motion to suppress, which the trial court denied. He then pled

guilty and was sentenced to six years' confinement.

On appeal, Appellant argued that his conviction should be reversed in light of the United States Supreme Court decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). On January 8, 2014, the court of appeals issued an opinion affirming the judgment of the trial court and concluding that *McNeely* did not render Section 724.012(b)(3)(B) of the Texas Transportation Code unconstitutional. However, on February 4, 2014, the court granted the State's motion for rehearing and substituted its opinion with a new one granting relief and finding Section 724.012(b) unconstitutional as applied to Appellant. *See Reeder v. State*, 428 S.W.3d 924, 929, 930 (Tex. App.—Texarkana 2014) (op. on reh'g). The State Prosecuting Attorney subsequently filed a timely petition for discretionary review that we granted on August 20, 2014, arguing that the mandatory blood-draw provision in this case did not violate the Fourth Amendment despite the Supreme Court's ruling in *McNeely*.

Before we could resolve the petition filed by the SPA, we issued an opinion in another case, *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), in which we resolved the same issue against the State. Although we subsequently granted rehearing in *Villarreal*, we later concluded that the State's motion was improvidently granted and denied the State's motion for rehearing. Therefore, in light of our decision in *Villarreal* and the reasoning therein, we overrule the State's single ground for review and affirm the judgment of the court of appeals.

Hervey, J.

Delivered: January 27, 2016

Publish