**Nathan Joe BELL, Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 11–14–00098–CR**

Court of Appeals of Texas,
Eastland.

March 10, 2016

Erika Copeland, for Appellant.

Britt Lindsey, Assistant, James Eidson, District Attorney, for Appellee.

Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

## OPINION

### MIKE WILLSON, JUSTICE

Appellant, Nathan Joe Bell, entered an open plea of no contest after the trial court denied his motion to suppress evidence of blood alcohol results. The trial court subsequently found Appellant guilty of driving while intoxicated with a child passenger, a state jail felony.[1] The trial court assessed punishment at confinement for eighteen months and sentenced Appellant.[2] In a single issue, Appellant argues that the trial court erred when it denied his motion to suppress. We reverse and remand.

### I. *The Charged Offense*

The grand jury returned an indictment alleging that, while intoxicated, Appellant operated a motor vehicle in a public place and had a passenger, who was younger than fifteen years of age, in the motor vehicle. A person commits the offense of driving while intoxicated with a child passenger if "the person is intoxicated while operating a motor vehicle in a public place" and the vehicle "is occupied by a passenger who is younger than 15 years of age." PENAL § 49.045(a).

---

1. TEX. PENAL CODE ANN. § 49.045 (West 2011).

2. *See* PENAL § 12.35 (West Supp.2015).

### II. *Evidence at Trial*

Officer Jordan Brown of the Abilene Police Department was on patrol one night when he observed a vehicle that failed to come to a complete stop at a stop sign. Officer Brown followed the vehicle, activated his patrol lights, and had the vehicle stop as part of a traffic stop. Officer Brown approached the vehicle and identified Appellant as the driver. He also noticed that there was a four-year-old boy in the backseat of the car.

Officer Brown questioned Appellant and noted that Appellant's answers "seemed delayed" and that "his speech was coming very slow." Officer Brown smelled the odor of an alcoholic beverage on Appellant. Appellant denied that he had been drinking and failed to give a reason for why he smelled of alcohol. Appellant performed poorly on standardized field sobriety tests. Officer Brown concluded that Appellant was intoxicated. Officer Brown then arrested Appellant for driving while intoxicated. While still at the scene of the arrest, Officer Brown read Appellant a DIC–24 warning[3] and asked for consent to take a breath sample; Appellant refused. Appellant said that he was "going to refuse everything."

Officer Brown took Appellant to Hendrick Medical Center to "get a mandatory blood draw" because, according to Officer Brown, the presence of the child in Appellant's car required him to do so. Officer Brown proceeded under the impression that the Texas Transportation Code provided him with implied consent to take a specimen of Appellant's blood.

At the hospital, Appellant "jerked his arm away whenever [the specialty techni-

---

3. *See* TEX. TRANSP. CODE ANN. §' 724.015 (West Supp.2015).

cian] first injected the needle" to draw Appellant's blood, which caused a "blown" blood vein. Appellant told Officer Brown that he had "already refused everything," and Appellant "made reference to not wanting to give a specimen." Eventually, a specialty technician took a specimen of Appellant's blood while officers and hospital security physically restrained him. Blood tests revealed that Appellant's blood alcohol level was 0.171.

Officer Brown did not question or interview Appellant after the blood draw. He never secured a search warrant because, given the presence of the child in the backseat of the car, he thought he had the authority to take a blood specimen.

### III. Standard of Review

 We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000). We give great deference to the trial court's findings of historical facts if the record supports the findings. *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche,* 10 S.W.3d at 327. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman,* 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.* If the trial court makes express findings of fact, as the court did in this case, we review the evidence in the light most favorable to the decision of the trial court and determine whether the evidence supports these factu-

al findings. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex.Crim.App.2010).

### IV. Analysis

 Appellant argues that the blood draw was illegal because it occurred without a warrant, consent, or any other recognized exception to the warrant requirement. Appellant argues that the trial court erred when it found that the exclusionary rule did not apply and when it failed to suppress the evidence. The State asserts that the blood draw was constitutional because it was reasonable and that, regardless, the exceptions of implied consent, exigent circumstances, special needs, and search incident to arrest dispensed with the warrant requirement. Absent a warrant, a search is presumed unreasonable, and the State carries the burden to prove that an exception to the warrant requirement applies. *See Gutierrez v. State,* 221 S.W.3d 680, 685 (Tex.Crim.App. 2007). The State acknowledged that there was no warrant in this case. Therefore, the State had the burden to prove an exception to the warrant requirement.

We will address the State's assertions that the blood draw was legal under theories of reasonableness, implied consent, special needs, and search incident to arrest together. In *State v. Villarreal,* the Court of Criminal Appeals addressed and rejected each of these arguments. 475 S.W.3d 784, 787, 796 (Tex. Crim. App.2015) ("[W]e conclude that the warrantless, nonconsensual testing of a DWI suspect's blood does not categorically fall within any recognized exception to the Fourth Amendment's warrant requirement, nor can it be justified under a general Fourth Amendment balancing test."); *see also Reeder v. State,* No. PD–0601–14, 480 S.W.3d 544, 545, 2016 WL 316496, at *1 (Tex.Crim.App. Jan. 27, 2016). The Court of Criminal Appeals in *Villareal* specifically held that

warrantless blood draws are not reasonable, that implied consent that has been withdrawn or revoked cannot serve as the requisite free and voluntary consent necessary to satisfy the Fourth Amendment, that the special-needs doctrine does not apply, and that the search-incident-to-arrest exception does not apply. *Id.* at 800, 807, 813.

█ The trial court found in its findings of fact that Appellant "withdrew his (implied) consent to the blood draw by words and actions." The evidence clearly showed that Appellant did not consent to and even refused to give a blood specimen. He physically resisted at the outset of the blood draw procedure and told Officer Brown that he had "already refused everything" and did not want to provide a specimen. Thus, the evidence supported the trial court's finding that Appellant did not consent. In light of that evidence, we cannot uphold the legality of the blood draw on the ground that Appellant consented to the procedure. Furthermore, as held by the court in *Villareal,* we cannot uphold the legality of the blood draw on the grounds of reasonableness, the special-needs doctrine, or the search-incident-to-arrest exception.

█ Exigent circumstances, however, is a recognized exception to the warrant requirement that may, depending on the circumstances of the case, still render a warrantless blood draw legal. *Id.* at 797 (quoting *Missouri v. McNeely,* — U.S. ——, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013) (holding that, "consistent with general Fourth Amendment principles, [ ] exigency in [the warrantless blood draw] context must be determined case by case based on the totality of the circum-

stances")). The natural metabolization of alcohol in the blood does not create a per se exigency that, by itself, justifies an exception to the warrant requirement for nonconsensual blood draws in all DWI cases. *McNeely,* 133 S.Ct. at 1561–63.

█ In this case, the trial court found that "[e]xigent circumstances did not exist to justify a warrantless blood draw." It further found that "[n]either Officer Brown nor any involved officer attempted to determine whether a magistrate was available to sign a warrant for a blood draw." The State argues, "The exigent circumstance in this case was the delay in time to arrest appellant due to having to deal with the passenger identification,[4] the child in the car that required CPS notification, and appellant's refusal to cooperate verbally which resulted in [Officer] Brown not getting any retrograde extrapolation information." The evidence, however, does not support these arguments.

Officer Brown testified that, by the time he decided to arrest Appellant, after he conducted the field sobriety tests, four other officers had arrived on the scene. The other officers took care of the passengers. Officer Brown was free to seek a warrant for the blood draw. Officer Brown also never questioned Appellant after the blood draw because he assumed that Appellant would not cooperate. The State has cited no case, and we have found none, that held that the refusal of a suspect to answer questions, or an officer's failure to ask them, constitutes an exigent circumstance. Finally, Officer Brown testified that he relied on the Transportation Code's implied consent provision when he went to the hospital to obtain the blood specimen. Reviewing the evidence in the light most favorable to the trial court's ruling, we

---

4. In addition to the child in the backseat, there was also another person in the front passenger seat of the car.

cannot say that the trial court erred when it concluded that no exigent circumstances existed. Therefore, the blood draw cannot be upheld on such grounds. *See Forsyth v. State*, 438 S.W.3d 216, 219–20 (Tex. App.–Eastland 2014, pet. ref'd).

Having concluded that the blood draw cannot be upheld on any of the grounds proffered by the State, we next address Appellant's contention that the exclusionary rule applies in this case and that the trial court erred when it failed to exclude the blood draw evidence. The trial court ruled that the exclusionary rule did "not apply to exclude the blood draw results because Officer Brown reasonably believed his actions were lawful." The trial court further found that "Officer Brown's belief that no warrant was needed for the blood draw was reasonable."

▮▮▮▮ "[T]here is no exception under the Texas exclusionary rule for a good faith reliance upon a statute." *Id.* at 224 (citing *Weems v. State*, 434 S.W.3d 655, 666–67 (Tex.App.—San Antonio 2014, pet. granted)). Section 724.012 of the Transportation Code, which Officer Brown relied upon to obtain the blood specimen, does not instruct an officer to obtain a blood or breath sample without consent, without a warrant, or in violation of the Fourth Amendment. *Id.* Therefore, the exclusionary rule applies, and the trial court erred when it ruled otherwise. *See id.* at 224–25.

Finally, because the warrantless blood draw violated Appellant's rights under the Fourth Amendment, we must reverse the judgment unless we determine beyond a reasonable doubt that the trial court's error did not contribute to Appellant's conviction or punishment. *See* Tex. R. App. P. 44.2(a). Here, Appellant entered an open plea after the trial court denied his motion to suppress evidence of blood alcohol test results that were obtained without his consent or a warrant. We cannot say, beyond a reasonable doubt, that the trial court's error did not contribute to Appellant's decision to enter an open plea. Therefore, we must reverse the judgment of the trial court. Appellant's sole issue on appeal is sustained.

## V. *This Court's Ruling*

We hold that the trial court erred when it denied Appellant's motion to suppress the evidence from the blood draw. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.