IN the INTEREST OF G.A.C., a Child

No. 07–16–00050–CV

Court of Appeals of Texas, Amarillo.

July 13, 2016

Rebecca L. Safavi, for Texas Department of Family and Protective Services.

Cheryl Nelson, for G.A.C.

Amanda Harris, Michael J. Sharpee, for H.M.M.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

## OPINION

Patrick A. Pirtle, Justice

Appellant, H.M.M., a minor, appeals the trial court's order terminating her parental rights to her daughter, G.A.C.[1] By a single issue, she contends that termination of her parental rights under current Texas statutes, given her status as a minor, does not comport with the due process require-ments of the Fourteenth Amendment to the United States Constitution. We affirm.

BACKGROUND

H.M.M. was sixteen years old when G.A.C. was removed from her maternal grandmother's residence in July 2014 for neglectful supervision based on use of methamphetamine by both H.M.M. and her mother, G.A.C.'s grandmother. At the time of the hearing, H.M.M. was in a substance abuse facility which she had entered voluntarily and had been there since October 2015. Prior to that, she had been in a juvenile detention facility and on juvenile probation. G.A.C. was living with her paternal grandmother and had been with her for almost a year. Ultimately, the trial court terminated H.M.M.'s parental rights to G.A.C. under section 161.001(b)(1)(D) and (O) of the Texas Family Code. The trial court also found that termination was in G.A.C.'s best interest. TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (O), (2) (West Supp. 2015).[2]

H.M.M. does not challenge the sufficiency of the evidence to support the grounds for termination or the best interest finding. Instead, relying on the due process requirements of the Fourteenth Amendment, she asserts that termination of her parental rights should be tolled until her status as a minor is removed or she is certified to stand trial as an adult. We disagree.

PRESERVATION OF ERROR

Initially, we address the argument by the Texas Department of Family and Protective Services that H.M.M. did not preserve for review her claim that her due process rights were violated. H.M.M. acknowledges the policies underlying preser-

---

1. To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014). *See also* TEX. R. APP. P. 9.8(b). The child's father is deceased.

2. All future statutory references are to the Texas Family Code.

vation of error. However, she maintains that the record and arguments of counsel, including her guardian ad litem, did preserve the issue of a juvenile's due process rights in a parental termination case. Alternatively, she asserts that if error was not preserved, the doctrine of fundamental error should permit appellate review or due process should override preservation of error requirements.

Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure provides that to preserve an error for appellate review, the record must show that the complaint was first presented to the trial court with sufficient specificity to make the trial court aware of the complaint. We recognize that the Texas Supreme Court, after balancing the factors discussed in *Mathews v. Eldridge*,[3] concluded that preservation rules comport with due process in parental termination cases. *See In re B.L.D.*, 113 S.W.3d 340, 352–54 (Tex.2003). Even complaints concerning constitutional error must be preserved. *In re R.L.T.*, No. 07–02–00332–CV, 2003 WL 21458782, at *3, 2003 Tex. App. LEXIS 5289, at *7 (Tex. App.—Amarillo June 24, 2003, no pet.) (mem. op.).

■ The Texas Supreme Court has also held that disposing of appeals for harmless procedural defects is disfavored. *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 161–62 (Tex.2012). Procedural rules should be construed liberally so that the right to appeal is not lost unnecessarily. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex.2014).

However, preservation of error rules are not trivial and reflect important prudential considerations recognizing that the judicial process benefits when trial courts have the opportunity to first consider and rule on error. *Id.* (citing *In re B.L.D.*, 113 S.W.3d at 350).

Although the record before us does not reflect an objection or motion raising constitutional concerns regarding H.M.M.'s status as a minor, that fact was not lost on the trial court. The record reflects that H.M.M.'s age was a matter of concern throughout the proceedings, especially due to her inability to participate in and complete certain services and/or programs required by the Department's Family Service Plan because of her status as a minor.[4]

During the caseworker's cross-examination by G.A.C.'s attorney ad litem, the gist of the questions and answers was that at a prior hearing, the trial judge had "voiced concerns with regard to [H.M.M.'s] ability to do the service plan, in her circumstances and at her age." The judge appointed an attorney to serve as guardian ad litem for H.M.M. on July 22, 2014. Applying preservation rules liberally, and acknowledging that termination of the parent-child relationship is of constitutional dimension,[5] we conclude the trial court was aware of the complaint regarding H.M.M.'s age and took the opportunity to cure any potential error by appointing her a guardian ad litem.[6] Our conclusion results in

---

3. 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

4. One requirement beyond H.M.M.'s control included participation in a drug and alcohol assessment program because it required a parent's signature. H.M.M.'s birth certificate was defective and she was unable to obtain a driver's license, had no transportation to and from services, and could not find employment with her defective birth certificate. H.M.M., a child herself, could not depend on her own mother for assistance. Essentially, she was a homeless teenager.

5. *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

6. We express no opinion on the effectiveness of H.M.M.'s guardian ad litem with regard to assisting her in complying with her family service plan.

finding that H.M.M.'s issue is preserved for review and we need not address whether the fundamental error doctrine applies.

ANALYSIS

H.M.M. compares her predicament to that of juvenile criminals who cannot be sentenced to death nor to life without parole.[7] She argues the State has an inherent conflict in its role as *parens patriae* because in trying to protect G.A.C., it is using its resources adversely to her and she is also a minor. We are not persuaded by her arguments.

The Texas Family Code contemplates that a parent against whom the Department seeks termination of parental rights may be a minor. The procedure for voluntary relinquishment of parental rights provides how a parent, *whether or not a minor*, may sign an affidavit doing so. *See* § 161.103(a)(1) (West Supp. 2015). (Emphasis added). Additionally, in *Smith v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 673, 676 (Tex.App.—Austin 2005, no pet.), a fifteen-year-old mother's parental rights were terminated by the Department without regard to her age.

■ We recognize that the Fourteenth Amendment entitles H.M.M. to due process and equal protection in a termination proceeding. *Stanley v. Illinois*, 405 U.S. 645, 657–58, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). A component of parental due process requires "rigorous adherence to procedural safeguards anytime the state seeks to alter, terminate, or suspend a parent's right" to the custody of a child. *McCurdy v. Dodd*, 352 F.3d 820, 827 (3rd Cir.Pa. 2003).

H.M.M.'s parental rights, however, are not absolute. *In re C.H.*, 89 S.W.3d 17, 26 (Tex.2002). It is essential that the emotional and physical interests of her child not be sacrificed merely to preserve H.M.M.'s parental rights. *Id.* Additionally, a child's need for permanence through the establishment of a "stable, permanent home" has been recognized as the paramount consideration in determining best interest. *See In re K.C.*, 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.). *See also* § 263.307(a) (prompt and permanent placement in a safe environment is presumed to be in the child's best interest).

■ In the case before us, H.M.M. was afforded due process by the trial court's appointment of a guardian ad litem to oversee her interests during termination proceedings. Her guardian ad litem was appointed eleven days after the Department initiated termination proceedings. She also had court-appointed counsel to defend her parental rights against the Department's allegations. We conclude H.M.M was provided a measure of due process by having two attorneys represent her interests.

■ Moreover, if we were to accept H.M.M.'s argument that termination proceedings should be tolled until she is no longer a minor, the intent of termination proceedings would be turned on its head. It is the child's best interest and not the parent's best interest that the statutes pertaining to parental terminations are intended to promote. A young teenager could stall termination proceedings for years while a child waits in the Department's care for stability and permanence. Termination proceedings, because of their nature, are to be resolved expeditiously. *See* § 263.401(a), (b) (West Supp. 2015) (requiring disposition or dismissal within a year or within eighteen months if an extension is granted). *See also* TEX. R. JUD.

---

7. *See Roper v. Simmons*, 543 U.S. 551, 568, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); *Miller v. Alabama*, 567 U.S. ——, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012).

ADMIN. 6.2(a) (requiring disposition of an appeal from a termination initiated by a governmental entity within 180 days from the date the notice of appeal is filed).

█ H.M.M. urges this court to create an exception to the applicable statutes in the Family Code that resulted in termination of her parental rights. While not unsympathetic to H.M.M.'s circumstances, the focus of termination proceedings is on the best interest of the child the Department seeks to protect. H.M.M. had the assistance of two attorneys to protect her interests. To create an exception for H.M.M. would amount to legislating from the bench, which we cannot do. *Turner v. Cross*, 83 Tex. 218, 18 S.W. 578, 579 (1892).[8] It is the duty of this court to administer the law as it is written and not make the law. *In re J.X.P.*, No. 07–07–00356–CV, 2008 WL 114781, at *1–2, 2008 Tex. App. LEXIS 230, at *5 (Tex.App.—Amarillo Jan. 11, 2008, no pet.). We overrule H.M.M.'s sole issue.

CONCLUSION

The trial court's order terminating H.M.M.'s parental rights to G.A.C. is affirmed.[9]

---

8.  H.M.M. also asserts she should be certified as an adult before having to defend her parental rights. This too would amount to legislating from the bench.

9.  Based upon the recent Texas Supreme Court decision, *In re P.M.*, No. 15–0171, —— S.W.3d ——, ——, 2016 WL 1274748, at *2, 2016 Tex. LEXIS 236, at *6 (Tex. April 1, 2016) (*per curiam*), it is appropriate to call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.