

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00154-CR

---

BRIAN TODD WEST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B4311-2307, Honorable Kregg Hukill, Presiding

---

November 13, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to a plea bargain, Appellant, Brian Todd West, was convicted in a bench trial of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200.[1]  Punishment was assessed at confinement for twelve years and a $2,000 fine.  By a sole issue, Appellant contends the trial court abused its discretion in

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

denying his motion to suppress because the search of his vehicle was conducted without probable cause. We affirm.

## BACKGROUND

The sole witness at the suppression hearing was Castro County Sheriff's Deputy Lamberto Martinez. He testified he was traveling on a highway behind a white Toyota pickup. He made a traffic stop based on the driver's failure to signal within 100 feet of initiating a turn on three different occasions. He acknowledged his dash camera was not operational at the time.

Appellant exited the pickup and the deputy asked for proof of insurance. He reported the pickup did not belong to him and the deputy suggested he look in the glove compartment for proof of insurance. When Appellant opened the door to the pickup, the officer smelled an odor of marihuana. After backup deputies arrived, a female in the passenger's seat was removed from the pickup and Appellant was asked to wait at the rear of the pickup. A warrantless probable cause search revealed a gold purse located on the center console which contained a small cigarette pouch with a plastic baggie containing a substance which tested positive for methamphetamine.

Both Appellant and the female passenger denied ownership of the purse. They were arrested for possession of a controlled substance and transported to jail. During a search of Appellant at the jail, more contraband was discovered on his person.

Following Appellant's bench trial, the trial court entered *Findings of Fact and Conclusions of Law*. Among those findings, the trial court concluded Deputy Martinez

2

had probable cause to conduct the traffic stop and probable cause to search the pickup on detecting the odor of marihuana.

## APPLICABLE LAW

The Fourth Amendment prohibits unreasonable searches and seizures by government officials. U.S. CONST. amend IV.; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Pursuant to the Fourth Amendment, a warrantless search is per se unreasonable unless it falls within a warrant exception. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017) (citing *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009)). An exception to the warrant requirement for a search is the automobile exception. *Marcopoulos*, 538 S.W.3d at 59. It allows for the warrantless search of an automobile "if it is readily mobile and there is probable cause to believe that it contains contraband." *Pugh v. State*, 624 S.W.3d 565, 570–71 (Tex. Crim. App. 2021) (citing *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)). Probable cause exists where the facts and circumstances known to law enforcement officers are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *Id.* at 599–600. For probable cause to exist, there must be a fair probability of finding inculpatory evidence at the location being searched. *Id.* at 600.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for abuse of discretion under a bifurcated standard of review. *State v. Torres*, 666 S.W.3d 735, 740 (Tex. Crim. App. 2023). We afford almost total deference to the trial court's determinations based on

3

an assessment of credibility and demeanor. *Id.* We review pure questions of law, as well as mixed questions of law and fact which do not turn on credibility and demeanor de novo. *Id.* The evidence and all reasonable inferences are viewed in the light most favorable to the trial court's ruling, and the ruling will be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case. *State v. Espinoza*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023).

## ANALYSIS

Appellant acknowledges that an odor of marihuana emanating from a stopped vehicle may provide probable cause to believe the occupant, who is in a small, enclosed area, has been or is committing the offense of possession of marihuana. *See Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006). However, he candidly concedes he is arguing for a change in the law due to the legality of hemp and legalization of marihuana use in other jurisdictions outside of Texas. He contends odor alone, without more, should not give rise to a belief that a crime has been committed. He concludes a "totality of the circumstances approach to a probable cause determination which fails to acknowledge this reality is flawed."

As the State points out, this Court recently addressed and rejected the arguments presented by Appellant in *Thacker v. State*, No. 07-23-00368-CR, 2024 Tex. App. LEXIS 4917, at *4–7 (Tex. App.—Amarillo July 12, 2024, no pet.) (mem. op., not designated for publication). In agreeing with opinions from several of our sister courts holding that the odor alone of marihuana is sufficient probable cause for an officer to search a vehicle, we

4

concluded the odor of cannabis sativa remains the odor of marihuana, the possession of which remains a criminal offense. *Id.*

Here, in its findings, the trial court observed that Deputy Martinez "smelled the odor of marijuana from the vehicle" when Appellant opened the driver's side door. The odor alone was sufficient for the deputy to conduct a search of the pickup based on probable cause to believe Appellant had been or was about to commit possession of marihuana. The trial court correctly concluded that on detecting the odor of marihuana, the deputy had probable cause to conduct a warrantless search of the pickup.

It is the duty of this Court to administer the law as it is written and not make the law. *In re G.A.C.*, 499 S.W.3d 138, 142 (Tex. App.—Amarillo 2016, pet. denied). To hold otherwise would amount to legislating from the bench which we cannot do. *Turner v. Cross*, 83 Tex. 218, 18 S.W. 578, 579 (1892). We find the trial court did not abuse its discretion in denying Appellant's motion to suppress. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

5